UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYLER BARWICK,   CASE NO. 6:21-cv-02059

    Plaintiff,

v.

ORLANDO POLICE
DEPARTMENT and MAXWELL
PERSONS,

    Defendants.

_____/

**<u>DEFENDANT, ORLANDO POLICE
DEPARTMENT'S, MOTION TO DISMISS</u>**

COMES NOW, Defendant, the ORLANDO POLICE DEPARTMENT (hereinafter "DEPARTMENT") by and through undersigned counsel and in accordance with Fed. R. Civ. P. 12(b) (6), and hereby requests this Honorable Court dismiss the complaint as pled against it in count I as it fails to state a claim for which relief can be granted. In support thereof, Defendant would state:

    **I.   BACKGROUND**

Plaintiff has filed a complaint against defendants, the DEPARTMENT and Orlando Police Department officer MAXWELL PERSONS ("PERSONS") stemming from his arrest by PERSONS on October 31, 2017. Plaintiff avers a state law claim of negligence against the DEPARTMENT in count I of his Complaint and

1

a section 1983 claim for excessive force and false arrest against PERSONS in count II.

## II.    STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff. *Howry v. Nisus, Inc.*, 910 F. Supp. 576 (M.D. Fla. 1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). If no construction of the factual allegations will support the cause of action, dismissal is appropriate. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court should not accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Jackson v. BellSouth Telecommunications, Inc.*, 181 F. Supp. 2d 1345 (S.D. Fla. 2001), *aff'd sub nom. Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004).

"To survive dismissal, the factual allegations must be "plausible" and 'must be enough to raise a right to relief above the speculative level.'" *Stern v. Bank of Am. Corp.*, 112 F. Supp. 3d 1297 (M.D. Fla. 2015) *(quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*).* "This requires "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* at 678 (citing *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Applying these guidelines to the case at bar, this Court should find that the Plaintiff has failed to state a cause of action upon which relief can be granted and dismiss the claim filed against the DEPARTMENT.

### III.   ARGUMENT

Plaintiff has improperly named the DEPARTMENT as a Defendant in this case. Courts have consistently determined that municipal police departments are not legal entities and are therefore, not subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Mann v. Hillsborough Cty. Sheriff's Off.*, 946 F. Supp. 962 (M.D. Fla. 1996); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions. it is not an entity subject to suit.").

The DEPARTMENT does not enjoy any separate legal existence of its own and is not *sui juris* -- it is simply a division of the City of Orlando. A police department, which is not a registered entity within the State of Florida, is not subject to suit .... As the *Eddy* Court held, where a police department is an integral part of the city government as the vehicle through which the city government fulfills its

policing functions, it is not an entity subject to suit. *Eddy*, 715 F. Supp. 1553 (*internal citations omitted*); *See also, Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995); *Tobkin v. Tobkin*, 925 So. 2d 337 (Fla. Dist. Ct. App. 2006), *Mann*, 946 F. Supp. at 970–71; *Cotton v. Polk Cty. Sheriff's Off.*, No. 8:05CV1608T17TGW, 2005 WL 2179768, at *2 (M.D. Fla. Sept. 8, 2005); *McMahon v. Hunter*, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, at *3 (M.D. Fla. July 2, 2007); *Lewis v. Escambia Cty. Jail*, No. 3:07CV178/RV/EMT, 2007 WL 1428727, at *5 (N.D. Fla. May 14, 2007); *Masson v. Miami-Dade Cty.*, 738 So. 2d 431 (Fla. Dist. Ct. App.), *cause dismissed,* 743 So. 2d 13 (Fla. 1999). Because the DEPARTMENT is not an entity subject to suit and therefore an improper party defendant in this case, the complaint as pled against it should be dismissed.

WHEREFORE, Defendant, the ORLANDO POLICE DEPARTMENT respectfully requests this Court render an Order dismissing count I of the Complaint for the reasons stated.

## CERTIFICATION

I hereby certify that on December 14, 2021, I electronically filed the foregoing with the United States District Court, Middle District of Florida, Orlando Division, which forwards a copy to Plaintiff's counsel: Thomas B. Feiter, 120 East Robinson Street, Orlando, Florida 32801; tom@fighterlaw.com.

Dated:  December 14, 2021

Respectfully submitted,

<u>/s/Kimberly Laskoff</u>
Kimberly Laskoff
FBN: 0136476
City of Orlando
P.O. Box 4990, 3rd floor
Orlando, FL 32802-4990
Tel. (407) 246-2295
Pleadings@cityoforlando.net
Kimberly.Laskoff@cityoforlando.net
Attorney for Defendants,
Orlando Police Department and
Maxwell Persons
